Christopher A. Meyers (#032558)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: cmeyers@swlaw.com
Attorneys for Defendant Equifax Information
Services LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glynis Brooks, | No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| JP Morgan Chase Bank, N.A., et al., | |
| Defendant. | |

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, and hereby file this Notice of Removal of this action from the McDowell Mountain Justice Court, Maricopa County, Arizona, wherein it is now pending as Case No. CC2016-214742 to the United States District Court for the District of Arizona. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendants show this Court as follows:

1.      An action was filed on November 28, 2016 in the McDowell Mountain Justice Court, Maricopa County, Arizona, entitled *Brooks v. JP Morgan Chase Bank, N.A., et al.*, Case No. CC2016-214742 (the "State Court Action"). Equifax was not named as a defendant at that time.

2.      An Amended Complaint, adding Equifax as a defendant, was filed in the State Court Action on January 24, 2017.

3.      Equifax was served with the Amended Complaint on February 1, 2017.

4.     This Notice is being filed with this Court within thirty (30) days after Equifax was served with a copy of Plaintiff's initial pleading against Equifax setting forth the grounds for her action and her claims for relief.

5.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically 15 U.S.C. § 1681 *et seq.*, otherwise known as the Fair Credit Reporting Act ("FCRA"),  as follows:

(a)     Plaintiff's Complaint, on its face, alleges a violation of the FCRA.  (See Plaintiff's Amended Complaint).

(b)     The FCRA, pursuant to 15 U.S.C. § 1681(p), provides that any action alleging a violation of its provisions "may be brought in any appropriate United States district court without regard to the amount in controversy . . ."

6.     Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the removal to Plaintiff and to the Clerk of the McDowell Mountain Justice Court, Maricopa County, Arizona, as required by 28 U.S.C. § 1446(d).

7.     Attached hereto, as Exhibit A, are copies of the Summons and Amended Complaint served upon Equifax in the State Court Action.  (The Summons and Amended Complaint bear the case number CC2017-016035 due to error by the Maricopa County Justice Court Clerk's Office; case number CC2017-016035 was closed as created in error and Equifax was added to case number CC2016-214742.)

8.     Defendant JP Morgan Chase was been dismissed in the state court; settled defendant Experian Information Solution Inc. consents to the removal of this action.  A copy of the consent form is attached hereto as Exhibit B.

WHEREFORE, Equifax requests that the above-described action be removed to this Court.

/ / /

/ / /

/ / /

- 2 -

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

DATED this 24th day of February, 2017.

SNELL & WILMER L.L.P.

By  *s/Christopher Meyers*
Christopher Meyers
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Attorneys for Plaintiff Equifax
Information Services LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2017, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing:

Kevin Fallon McCarthy
Joon Kee
McCarthy Law PLC
4250 North Drinkwater Blvd., Suite 320
Scottsdale, AZ 85251

Johnathan A. Dessaules
DESSAULES LAW GROUP
5353 North 16th Street, #101
Phoenix, AZ 85016

s/Kimberly Erickson

Exhibit A

1

**MCCARTHY LAW PLC**
CANDID CONVERSATION. WISE COUNSEL.

2    Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803

3    Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320

4    Scottsdale, AZ 85251
602-456-8900

5    Devan.michael@mccarthylawyer.com
joon.kee@mccarthylawyer.com

6    Attorneys for Plaintiff(s)

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

17 JAN 24  AM 10: 06

**McDOWELL MOUNTAIN JUSTICE COURT**
**MARICOPA COUNTY, STATE OF ARIZONA**
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

7

8

9    GLYNIS BROOKS,

10        Plaintiff,

11    v.

12    JP MORGAN CHASE BANK, N.A. aka
CHASE BANK USA, N.A., EXPERIAN

13    INFORMATION SOLUTIONS, INC. and
EQUIFAX INFORMATION SERVICES LLC,

14

15        Defendants.

Case No.:

CC 2017016035 VC

**SUMMONS**

16    **STATE OF ARIZONA TO:**

17

18

19

20

     **JP MORGAN CHASE BANK, N.A.**
     aka CHASE BANK USA, N.A.
     S/A: CT CORPORATION SYSTEM,
     3800 NORTH CENTRAL AVENUE
     SUITE 460
     PHOENIX, ARIZONA 85012

21

22

23

     **EXPERIAN INFORMATION SOLUTIONS, INC.**
     S/A: CT CORPORATION SYSTEM
     3800 NORTH CENTRAL AVENUE
     SUITE 460
     PHOENIX, ARZIONA 85012

24

25

26

27

     **EQUIFAX INFORMATION SERVICES LLC,**
     S/A: CORPORATION SERVICE COMPANY
     2338 WEST ROYAL PALM ROAD
     STE J
     PHOENIX, ARIZONA 85021

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
WWW.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.     1             Summons

**THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANT(S):**

1.     YOU ARE SUMMONED to respond to this complaint by filing a written ANSWER with this Court and by paying the required fee. If you cannot afford to pay the required fee, you may request that the Court either waive or defer the fee.

2.     If you were served with this summons in the State of Arizona, the Court must receive your answer within twenty (20) calendar days from the date you were served. If you were served outside the State of Arizona, the Court must receive your answer within thirty (30) calendar days from the date you were served. If the last day is a Saturday, Sunday, or legal holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.     Your answer must be in writing.

 (a) You may obtain an answer form from this Court.

 (b) You may also obtain an answer form from the Form section of the Maricopa County Justice Courts website at http://justicecourts.maricopa.gov.

4.     Provide a copy of your answer to the Plaintiff(s) or to the Plaintiff's attorney in accordance with JCRCP Rule 120.

5.     **IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THIS COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU.**

The name and address of Plaintiff's attorney is:

  Kevin Fallon McCarthy, Esq.
  Devan E. Michael, Esq.
  Joon Kee, Esq.
  McCARTHY LAW PLC
  4250 North Drinkwater Boulevard, #320
  Scottsdale, Arizona 85251

SIGNED AND SEALED this date: \_\_1-24-17_____



By: _____
  Deputy Clerk

McCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW.MCCARTHYLAWYER.COM

Brooks v. JP Morgan Chase Bank N.A. et al.     2     Summons

**NOTICE TO THE DEFENDANT: A LAWSUIT HAS BEEN FILED AGAINST YOU IN JUSTICE COURTS**

You have rights and responsibilities in this lawsuit. Read this notice carefully.

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by an officer of the corporation, and a limited liability company ("LLC") may be represented by a managing member. A corporation or an LLC may also be represented by an attorney. If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due. The clerks and staff at the court are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at http://www.azcourts.gov/, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint in writing and within twenty (20) days from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, on the Maricopa County Justice Court website at http://justicecourts.maricopa.gov/, and on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

McCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
502-456-8900
WWW.McCARTHYLAWYER.COM

Brooks v. JP Morgan Chase Bank N.A. et al.      3                                    Summons

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

17 JAN 24  AM 10: 06

1

**McCARTHY  LAW PLC**
CANDID CONVERSATION. WISE COUNSEL

2   Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803

3   Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320

4   Scottsdale, AZ 85251
602-456-8900

5   Devan.michael@mccarthylawyer.com
joon.kee@mccarthylawyer.com

6   Attorneys for Plaintiff(s)

**McDOWELL MOUNTAIN JUSTICE COURT**
7   **MARICOPA COUNTY, STATE OF ARIZONA**
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

8   GLYNIS BROOKS,                          Case No.: CC 2017016035 VC

9          Plaintiff,                       **FIRST AMENDED COMPLAINT FOR**
**VIOLATION OF FAIR CREDIT**
10   v.                                      **REPORTING ACT (15 U.S.C. § 1681 et**
**seq.)**
JP MORGAN CHASE BANK, N.A. aka
11   CHASE BANK USA, N.A., EXPERIAN
INFORMATION SOLUTIONS, INC., and
12   EQUIFAX INFORMATION SERVICES
LLC,
13

14          Defendants.

15          COMES NOW Plaintiff, GLYNIS BROOKS ("Plaintiff"), by and through counsel

16   undersigned, and for its cause of action against the Defendants above-named alleges as follows:

17          1.      That Plaintiff is, and was at all times hereinafter mentioned, a resident of Maricopa

18   County, Arizona.

19          2.      That, on information and belief, Defendant, JP MORGAN CHASE BANK, N.A.

20   aka CHASE BANK USA, N.A. ("CHASE"), is, and at all times relevant hereto was, a corporation

21   registered with the Arizona Corporation Commission as a Foreign Corporation doing business in

22   Arizona and has designated the following registered statutory agent: CT CORPORATION

23   SYSTEM, 3800 NORTH CENTRAL AVENUE, SUITE 460, PHOENIX, ARIZONA 85012.

24          3.      That, on information and belief, Defendant CHASE is, and at all times relevant

25   hereto was, regularly doing business in the State of Arizona.

26          4.      That, on information and belief, Defendant, EXPERIAN INFORMATION

27   SOLUTIONS, INC. ("EXPERIAN"), is a credit reporting agency, as defined by 15 U.S.C. §

28   1681a(f), licensed to do business in Arizona and has designated the following registered statutory

1   agent: CT CORPORATION SYSTEM, 3800 NORTH CENTRAL AVENUE, SUITE 460,

2   PHOENIX, ARIZONA 85012.

3        5.      That, on information and belief, Defendant EXPERIAN is, and at all times relevant

4   hereto was, regularly doing business in the State of Arizona.

5        6.      That, on information and belief, Defendant EQUIFAX INFORMATION

6   SERVICES LLC ("EQUIFAX") is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f),

7   licensed to do business in Arizona and has designated the following registered statutory agent:

8   CORPORATION SERVICE COMPANY, 2338 WEST ROYAL PALM ROAD, STE-J,

9   PHOENIX, ARIZONA 85021.

10       7.      That, on information and belief, Defendant EQUIFAX is, and at all times relevant

11  hereto was, regularly doing business in the State of Arizona.

12       8.      That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the

13  Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendants as it had

14  the necessary minimum contacts with the State of Arizona.

15       9.      That the Plaintiff is a consumer and victim of inaccurate reporting by Defendants,

16  and has suffered particularized and concrete harm.

17       10.     On June 30, 2014, Defendant CHASE issued a 1099-C, cancellation of debt, for

18  Plaintiff's Chase credit card ending account 0114-5934 ("Account").  Exhibit A.

19       11.     The 1099-C canceled the principal balance owed, excluding interest and fees.

20       12.     The Identifiable Event Code on the 1099-C is marked "G". Exhibit A.

21       13.     Code "G" on a 1099-C represents that the creditor has made a decision or policy to

22  discontinue collection of the debt and cancel the debt.

23       14.     Subsequently, Defendant CHASE submitted a tax form 1099-C to the Internal

24  Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to Defendant

25  CHASE.

26       15.     As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

27       16.     That Defendant CHASE still reported a balance on the Account, inclusive of interest

28  and fees, on Plaintiff's credit report.

17.     That Defendants EXPERIAN and EQUIFAX are willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

18.     On August 23, 2016, Plaintiff sent written disputes, with supportive documentation, to Defendants EXPERIAN and EQUIFAX regarding the accuracy of the derogatory information reported by Defendants EXPERIAN and EQUIFAX. Exhibits B and C.

19.     That Defendant CHASE willfully failed to correct the inaccurate reporting of the Account to Defendants EXPERIAN and EQUIFAX in violation of 15 U.S.C. § 1681s-2 and to the detriment of the consumer Plaintiff. Exhibits D and E.

20.     That Defendants EXPERIAN and EQUIFAX failed to correct the inaccurate reporting of the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff. Exhibits D and E.

21.     That Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to the consumer reporting agencies, EXPERIAN and EQUIFAX, as defined by 15 U.S.C. § 1681a. Exhibits D and E.

22.     That Defendants EXPERIAN and EQUIFAX willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report in violation of 15 U.S.C. § 1681e.

23.     The foregoing acts and omissions of the Defendants CHASE, EXPERIAN and EQUIFAX constitute unacceptable violations of the FCRA.

**WHEREFORE,** Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681n and demands:

1.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

3.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

1       4.   Any further legal and equitable relief as the court may deem just and proper in the

2       circumstances.

3   Respectfully submitted this 20th day of January, 2017.

5                     MCCARTHY LAW, PLC

6            By:

6                     Devan E. Michael, Esq.

7                     Kevin Fallon McCarthy, Esq.

7                     Joon Kee, Esq.

8                     Attorneys for Plaintiff

# EXHIBIT A



**CHASE** ⬦

P.O. BOX 15298
WILMINGTON DE 19850

**Tax Year 2014 Form 1099-C Cancellation of Debt (Copy B)**

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

**Debtor's Information**

51309 TAS 1Z1 2315 -   55 0055 80 (00 510)

GLYNIS L BROOKS
4250 N DRINKWATER BLVD
STE 320
SCOTTSDALE, AZ 85251

**Creditor's Information**

Federal ID Number: 22-2382028
CHASE BANK USA, NA

**Form 1099-C Questions**

Phone Support: 866-754-9545

Debtor's ID Number: XXX-XX-3831                          **Original**

**Summary of Form 1099-C Cancellation of Debt**                          (OMB No. 1545-1424)

| Box | Description | Amount | Box | Description | Amount |
|-----|-------------|--------|-----|-------------|--------|
| 1. | Date of Identifiable event | 06/30/2014 | 5: | Was borrower personally liable for repayment of the debt? | Yes |
| 2. | Amount of debt discharged | $17,773.93 | 6: | Identifiable event code | G |
| 3. | Interest if included in box 2 | $0.00 | 7: | Fair market value of property | $0.00 |
| 4. | Debt Description | CREDIT CARD ACCOUNT | | | |

**Details of Form 1099-C Cancellation of Debt**                          (OMB No. 1545-1424)

| Account Number Acct Description | Box #1 Date of Identifiable event | Box #2 Amount of debt discharged | Box #3 Int. included in box 2 | Other Boxes | |
|---|---|---|---|---|---|
| ████████5934 | 06/30/2014 | $17,773.93 | $0.00 | #4 Debt description | CREDIT CARD ACCOUNT |
| WHEN AN UNPAID PRINCIPAL BALANCE OF $600 OR MORE IS CANCELLED, THE IRS REQUIRES IT MUST BE REPORTED ON FORM 1099C | | | | #5 if yes, the debtor was personally liable for repayment of the debt | Yes |
| | | | | #6 Identifiable event code | G |

# EXHIBIT B

Glynis L. Brooks
931 N. 85th Place
Scottsdale, AZ 85257

August 23, 2016

Experian
NCAC
PO Box 9701
Allen, TX 75013

Re:   Name: Glynis L. Brooks
      Social Security #: ███████3831
      Date of Birth: ███████
      Report date: 08/10/2016
      Report #:

To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Chase Bank account # ███████████5934 is incorrectly reporting a balance owed of $19,658.00. This is inaccurate as a 1099 was issued by Chase Bank for the full balance. See 1099 enclosed. I am requesting that the item be corrected to reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.

Sincerely,

Glynis L. Brooks



Credit Report Prepared For:

## GLYNIS L BROOKS

Experian Report As Of:  Aug 10, 2016

*Personal & Confidential*

GLYNIS L BROOKS – Experian
Date of Report: Aug 10, 2016



## Account Summary



GLYNIS L BROOKS - Experian
Date of Report: Aug 10, 2016

:::Experian

| ▲ | CHASE CARD<br>41472021XXXX | Closed |
|---|---|---|

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | CHASE CARD |
| Account # | 41472021XXXX |
| Account Status | Closed |
| Last Updated | Mar 23, 2015 |
| Account Type | |
| Date Opened | Jan 31, 2010 |
| Balance | $19,658 |
| Credit Limit | $20,000 |
| Monthly Payment | |
| Past Due Amount | $19,658 |
| Payment Status | Charge-off |
| Highest Balance | |
| Terms | Revolving |
| Responsibility | Individual |
| Comments | |

## CREDIT USAGE

98%

**High Credit Usage**
Keeping your account balances as low as possible
can have a positive impact on your credit.

### CONTACT INFORMATION

PO BOX 15298
WILMINGTON, DE 19850
(800) 432-3117

### PAYMENT HISTORY

**2015**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| FP | FP | FP | |
| May | Jun | Jul | Aug |
| | | | |
| Sep | Oct | Nov | Dec |
| | | | |

**2014**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| 120 | 120 | 120 | FP |
| May | Jun | Jul | Aug |
| FP | FP | FP | FP |
| Sep | Oct | Nov | Dec |
| FP | FP | FP | FP |

**2013**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | 30 | 60 | 90 |

**2012**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2011**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2010**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| | | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |



**CHASE**
P.O. BOX 15298
WILMINGTON DE 19850

Tax Year 2014 Form 1099-C Cancellation of Debt (Copy B)
This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

**Debtor's Information**

51399 TAS 1Z1 2315 -   55  0055 60  (00,610)

GLYNIS L BROOKS
4250 N DRINKWATER BLVD
STE 320
SCOTTSDALE, AZ 85251

**Creditor's Information**
Federal ID Number: 22-2382028
CHASE BANK USA, NA

**Form 1099-C Questions**
Phone Support: 866-754-0545

Debtor's ID Number: XXX-XX-3831                    **Original**

**Summary of Form 1099-C Cancellation of Debt**                                    (OMB No. 1545-1424)

| Box | Description | Amount | Box | Description | Amount |
|---|---|---|---|---|---|
| 1. | Date of identifiable event | 06/30/2014 | 5. | Was borrower personally liable for repayment of the debt? | Yes |
| 2. | Amount of debt discharged | $17,773.93 | 6. | Identifiable event code | G |
| 3. | Interest if included in box 2 | $0.00 | 7. | Fair market value of property | $0.00 |
| 4. | Debt Description | CREDIT CARD ACCOUNT | | | |

**Details of Form 1099-C Cancellation of Debt**                                    (OMB No. 1545-1424)

| Account Number Acct Description | Box #1 Date of Identifiable event | Box #2 Amount of debt discharged | Box #3 Int. included in box 2 | Other Boxes | |
|---|---|---|---|---|---|
| ███████5934 | 06/30/2014 | $17,773.93 | $0.00 | #4 Debt description | CREDIT CARD ACCOUNT |
| WHEN AN UNPAID PRINCIPAL BALANCE OF $600 OR MORE IS CANCELLED, THE IRS REQUIRES IT MUST BE REPORTED ON FORM 1099C | | | | #5 If yes, the debtor was personally liable for repayment of the debt | Yes |
| | | | | #6 Identifiable event code | G |

# EXHIBIT C

Glynis L. Brooks
931 N. 85th Place
Scottsdale, AZ 85257


August 23, 2016


Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374

Re:   **Name: Glynis L. Brooks**
      **Social Security #:** ▮▮▮▮**3831**
      **Date of Birth:** ▮▮▮▮
      **Report date: 08/21/2016**
      **Confirmation #: 6734466958**


To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I
dispute on the enclosed copy of the credit report I received.

This item Chase Bank account # ▮▮▮▮▮▮▮**5934** is incorrectly reporting a
balance owed of $19,658.00.  This is inaccurate as a 1099 was issued by Chase Bank
for the full balance.  See 1099 enclosed.  I am requesting that the item be corrected to
reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.



Sincerely,

Glynis L. Brooks

  

## Equifax Credit Report ™ for Glynis L. Brooks

As of:  08/21/2016
Available until:  09/20/2016
Confirmation #:  6734466958

Report Does Not Update



## Credit Summary

Your Equifax Credit Summary highlights the information in your credit file that is most important in determining your credit standing by distilling key credit information into one easy-to-read summary.

## Accounts

Lenders usually take a positive view of individuals with a range of credit accounts - car loan, credit cards, mortgage, etc. - that have a record of timely payments. However, a high debt to credit ratio on certain types of revolving (credit card) accounts and installment loans will typically have a negative impact.



## Debt by Account Type

No open balances reported.

## Debt to Credit Ratio by Account Type

NOTE: Total may not equal 100% due to rounding.



| CHASE BANK USA, NA | 414720210114XXXX | 02/24/2010 | $19,658 | 03/24/2015 | $19,658 | CHARGE-OFF | $20,000 |
|---|---|---|---|---|---|---|---|

**CHASE CARD**
PO Box 15298
Wilmington, DE-198505298
(800) 432-3117

| Account Number: | 414720210114XXXX | Status: | CHARGE-OFF |
|---|---|---|---|
| Account Owner: | Individual Account. | High Credit: | |
| Type of Account [?]: | Revolving | Credit Limit: | $20,000 |
| Term Duration: | | Terms Frequency: | Monthly (due |

| | | | every month) |
|---|---|---|---|
| Date Opened: | 02/24/2010 | Balance: | $19,658 |
| Date Reported: | 03/24/2015 | Amount Past Due: | $19,658 |
| Date of Last Payment: | 08/2013 | Actual Payment Amount: | |
| Scheduled Payment Amount: | | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 04/2014 | Months Reviewed: | 60 |
| Creditor Classification: | | Activity Designator: | Closed |
| Charge Off Amount: | $19,658 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Flexible Spending Credit Card |
| Date of First Delinquency: | 09/2013 | | |
| Comments: | Charged off account, Account closed by credit grantor | | |

**81-Month Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | CO | CO | | | | | | | | | | |
| 2014 | 120 | 150 | 180 | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2013 | * | * | * | * | * | * | * | * | * | 30 | 60 | 90 |
| 2012 | NR | NR | NR | NR | NR | NR | NR | * | * | * | * | * |
| 2011 | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR |
| 2010 | | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR | NR |



**CHASE**

P.O. BOX 15298
WILMINGTON DE 19850

---

**Tax Year 2014 Form 1099-C Cancellation of Debt (Copy B)**

This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

---

**Debtor's Information**

51299 TAS 1Z1 2315 -   55  0055 80  (00.510)

GLYNIS L BROOKS
4250 N DRINKWATER BLVD
STE 320
SCOTTSDALE, AZ 85251

---

**Creditor's Information**

Federal ID Number: 22-2382028
CHASE BANK USA, NA

---

**Form 1099-C Questions**

Phone Support: 866-754-9545

---

Debtor's ID Number: XXX-XX-9831                  **Original**

**Summary of Form 1099-C Cancellation of Debt**                              (OMB No. 1545-1424)

| Box | Description | Amount | Box | Description | Amount |
|---|---|---|---|---|---|
| 1. | Date of identifiable event | 06/30/2014 | 5. | Was borrower personally liable for repayment of the debt? | Yes |
| 2. | Amount of debt discharged | $17,773.93 | 6. | Identifiable event code | G |
| 3. | Interest if included in box 2 | $0.00 | 7. | Fair market value of property | $0.00 |
| 4. | Debt Description | CREDIT CARD ACCOUNT | | | |

**Details of Form 1099-C Cancellation of Debt**                              (OMB No. 1545-1424)

| Account Number Acct Description | Box #1 Date of identifiable event | Box #2 Amount of debt discharged | Box #3 Int. included in box 2 | Other Boxes | |
|---|---|---|---|---|---|
| ████████5934 | 06/30/2014 | $17,773.93 | $0.00 | #4 Debt description | CREDIT CARD ACCOUNT |
| WHEN AN UNPAID PRINCIPAL BALANCE OF $600 OR MORE IS CANCELLED, THE IRS REQUIRES IT MUST BE REPORTED ON FORM 1099C | | | | #5 If yes, the debtor was personally liable for repayment of the debt | Yes |
| | | | | #6 Identifiable event code | G |

# EXHIBIT D



Credit Report Prepared For:

## GLYNIS L BROOKS

Experian Report As Of:  Nov 8, 2016

*Personal & Confidential*

11/10/2016                                    https://usa.experian.com/#/print/experian/201611081901033133

GLYNIS L BROOKS - Experian
Date of Report: Nov 8, 2016

 Experian

---

▲                                    **CHASE CARD**                                    Closed
                                     41472021XXXX

## ACCOUNT DETAILS

| | |
|---|---|
| Account Name | CHASE CARD |
| Account # | 41472021XXXX |
| Account Status | Closed |
| Last Updated | Sep 6, 2016 |
| Account Type | |
| Date Opened | Feb 1, 2010 |
| Balance | $19,658 |
| Credit Limit | $20,000 |
| Monthly Payment | |
| Past Due Amount | $19,658 |
| Payment Status | Charge-off |
| Highest Balance | |
| Terms | Revolving |
| Responsibility | Individual |
| Comments | |

## CREDIT USAGE

**98%**

**High Credit Usage**
Keeping your account balances as low as possible
can have a positive impact on your credit.

## CONTACT INFORMATION

PO BOX 15298
WILMINGTON, DE 19850
(800) 432-3117

## PAYMENT HISTORY

**2016**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| FP | FP | FP | FP |
| May | Jun | Jul | Aug |
| FP | FP | FP | FP |
| Sep | Oct | Nov | Dec |
| FP | | | |

**2015**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| FP | FP | FP | FP |
| May | Jun | Jul | Aug |
| FP | FP | FP | FP |
| Sep | Oct | Nov | Dec |
| FP | FP | FP | FP |

**2014**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| 120 | 120 | FP | FP |
| May | Jun | Jul | Aug |
| FP | FP | FP | FP |
| Sep | Oct | Nov | Dec |
| FP | FP | FP | FP |

**2013**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | 30 | 90 |

**2012**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2011**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| OK | OK | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

**2010**
| Jan | Feb | Mar | Apr |
|---|---|---|---|
| | | OK | OK |
| May | Jun | Jul | Aug |
| OK | OK | OK | OK |
| Sep | Oct | Nov | Dec |
| OK | OK | OK | OK |

# EXHIBIT E



# EQUIFAX

## CREDIT FILE : September 6, 2016
## Confirmation # 6243018709

P. O. Box 105618
Atlanta, GA 30348

0000002316 FNECA0907160328025000 01 000000
002347535-5351
Glynis L Brooks
931 N 85th Pl
Scottsdale, AZ 85257-4559

Dear Glynis L Brooks:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

### Credit Account Information

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due 2 : 60-89 Days Past Due 3 : 90-119 Days Past Due 4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due 6 : 180 or More Days Past Due G : Collection Account H : Foreclosure | J : Voluntary Surrender K : Repossession L : Charge Off |
|---|---|---|---|

**>>> We have researched the credit account. Account # - 414720210114\* The results are:** This creditor has verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item. Historical account information was deleted from this account. If you have additional questions about this item please contact: **Chase Card, PO Box 15298, Wilmington DE 19850-5298** Phone: **(800) 432-3117**

### Chase Bank USA, Na ; PO Box 15298 Wilmington DE 19850-5298 ; (800) 432-3117

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 414720210114\* | 02/01/2010 | $0 | $20,000 | | Monthly | 60 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/06/2016 | $19,658 | $19,658 | 08/2013 | $0 | $0 | 09/2013 | | 04/2014 | $19,658 | | $0 | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Flexible Spending Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Account Closed By Credit Grantor; ;

| Account History with Status Codes | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | L | L | L | L | L | L | L | L | L | 5 | 4 | 3 | 2 | 1 |

( Continued On Next Page )

6243018709APPLADM-002347535- 5351 -6873 - AS

### Notice to Consumers

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

MᶜCARTHY LAW PLC
CANDID CONVERSATION. WISE COUNSEL.

Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803
Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
Devan.michael@mccarthylawyer.com
joon.kee@mccarthylawyer.com
Attorneys for Plaintiff(s)

MᶜDOWELL MOUNTAIN
JUSTICE COURT
FILED

17 JAN 24  AM 10: 07

## MᶜDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

GLYNIS BROOKS,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A. aka
CHASE BANK USA, N.A., EXPERIAN
INFORMATION SOLUTIONS, INC. and
EQUIFAX INFORMATION SERVICES
LLC,

    Defendants.

Case No.: CC 2017016035RC

**INITIAL DISCOVERY SET TO**

**EQUIFAX INFORMATION SERVICES, LLC**

Plaintiff, GLYNIS BROOKS, gives notice of service upon and requests that Defendant individually respond to the following interrogatories, requests for production, and requests for admission within sixty (60) days of service.

### PREFATORY INSTRUCTIONS TO INTERROGATORIES

The Justice Court Rules of Civil Procedure allow a party to send up to forty (40) interrogatories to another party. An interrogatory is a written question that is sent by a party to another party that must be answered in writing and under oath by the party to whom the interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory, you must state a reason for your objection.

Provide your answers in the space directly below each question. If there is not enough space for your answer to a particular question, you may continue on a blank page by including the question above your answer. After you have completed your response to the interrogatories, you must sign on the last page to affirm that you have truthfully answered the questions and that you have a good faith basis for any objections that you may have made. You must provide your original answers to interrogatories to the party who sent them to you, and you must provide a copy to every other party in the lawsuit.

Your response to these interrogatories is due forty (40) days after they have been served on you, unless the interrogatories were served with the summons and complaint, in which case

MᶜCARTHY LAW, F
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW.MᶜCARTHYLAWYER.COM

Brooks v. JP Morgan Chase Bank N.A. et al.      1                                    DISCOVERY

your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you do not answer these interrogatories by the date provided in this notice, the party who served them may file a motion asking that the court order you to answer them. If the court enters that order, the court may also require you to pay expenses, including attorneys' fees incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph" as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

McCarthy Law, f
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.    2        DISCOVERY

1

2

3

4

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

5

6

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

7

8

9

10

11

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used; and

(c) all telephone and tele-fax numbers used.

12

13

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

14

15

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

16

17

18

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

19

## NON UNIFORM INTERROGATORIES

20

21

**INTERROGATORY NO. 1:** Please identify the names, addresses, and telephone numbers of all persons who supplied information responsive to these interrogatories.

22

**ANSWER:**

23

24

25

26

27

**INTERROGATORY NO. 2:** Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge.

**ANSWER:**

28

McCarthy Law, f
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.      3                            DISCOVERY

**INTERROGATORY NO. 3:** Please identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other person relating or referring to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**ANSWER**:



**INTERROGATORY NO. 4:** Please identify each person whom you may call as a witness at trial including name, address, and telephone number, and the substance of the facts and opinions to which the witness may testify.

**ANSWER**:



**INTERROGATORY NO. 5:** Please list, explain and describe documents known to you or believed by you to exist concerning the events described in Plaintiff's complaint or concerning any event which is the subject of any defense you have raised to this lawsuit.

**ANSWER**:



**INTERROGATORY NO. 6:** Please identify each employee or non-employee witness or expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.    4                      DISCOVERY

1   testimony, or report was made, taken or occurred.

2   **ANSWER**:

3

4

5   **INTERROGATORY NO. 7:**  Please identify all individuals known to you or your attorney who

6   are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

7   issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

8   person could testify. For each person, please state the following:

9       a.      Please state whether each such person is affiliated with, or related

10          to, or employed by any party (or its agents, servants, officers, or employees)

11          to this lawsuit;

12      b.      If any of the persons so listed in response to this interrogatory do not

13          fit the characterization in subpart (a) above, please describe the nature of

14          their involvement in this lawsuit;

15      c)      Please explain and describe your understanding of their knowledge

16          of such facts.

17   **ANSWER**:

18

19

20   **INTERROGATORY NO. 8:**  Please state whether any of the individuals listed in the answers to

21   the preceding interrogatories have given any statement[s] to you and, if so, please identify the

22   individual giving the statement, identify the individual to whom the statement was given, the date

23   of the statement, and whether or not the statement was written or recorded and, if it was written or

24   recorded, identify the individual presently in possession of such writing or recording.

25   **ANSWER**:

26

27

28

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.   5                          DISCOVERY

1    **INTERROGATORY NO. 9:**   Please list each exhibit which you may attempt to introduce as

2    evidence at the trial of this case, or which has been used or referred to by any witness, expert or

3    lay, on your behalf.

4    **ANSWER:**

5

6

7    **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

8    allegations, please explain and describe any facts which you believe support each denial.

9    **ANSWER:**

10

11

12   **INTERROGATORY NO. 11:**   Please explain and describe when, how and under what

13   circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

14   personal identifiers. List the archived data files and reports wherein any personal information about

15   Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

16   captured, retained and/or archived, who has possession of those reports, the manner in which the

17   reports are maintained, and the retention policy[ies] regarding those reports. This request includes

18   your normal data file retention processes.

19   **ANSWER:**

20

21

22

23   **INTERROGATORY NO. 12:**   Please explain and describe when and how you transmit account

24   data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

25   Agency ("CRA").

26   **ANSWER:**

27

28

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.      6                                    DISCOVERY

1    **INTERROGATORY NO. 13:**  Please explain and describe any disputes you received from

2    Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your

3    actions in connection with each contact or communication.

4    **ANSWER**:

5

6

7    **INTERROGATORY NO. 14:**  Please explain and describe each Consumer Dispute Verification

8    or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication

9    or other dispute communication you issued to any furnisher of credit information which pertained

10   to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute

11   communication, please identify the person reporting such dispute, state the date the dispute was

12   received and the date you issued any response, explain and describe the dispute conveyed, and fully

13   explain and describe your response[s] on each such occasion.

14   **ANSWER**:

15

16

17   **INTERROGATORY NO. 15:**  Please list, explain and describe each and every code contained in

18   each reinvestigation record and file and retained computer record and screen/file you generated

19   and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail,

20   the purpose of such code, the content of such action, the duration of such action, and the reason

21   you permitted such action or entry.

22   **ANSWER**:

23

24

25

26

27

28

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.      7                                    DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION

The Justice Court Rules of Civil Procedure allow a party to request from another party up to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not produce a document or a category of documents or items because you object to a specific request, you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

A party who produces documents must provide them as they are kept in the usual course of business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you do not comply with the requests that have been made in this notice, the party who served them may file a motion asking that the court order you to comply. If the court enters that order, the court may also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties is requested to submit in lieu of each document a written statement which:

1. Describes in detail the nature of the document and its contents; AND

2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

3. Specifies the date on which the document was prepared or transmitted or both; AND

4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and performing the destruction.

If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if available, or other sufficient information to identify the document and the reasons for the non-disclosure.

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.     8                                      DISCOVERY

1    This request for production of documents is continuing and any document obtained or
2    located subsequent to production, which would have been produced, had it been available or its
     existence known at the time is to be supplied forthwith.

3    **DEFINITIONS**

4    When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every
5    individual party and include your agents, employees, your attorneys, your accountants, your
     investigators, anyone else acting on your behalf. Separate answers should be given for each person
6    named as the party, if requested.

7    When the term "document" is used, it is meant to include every "writing", "recording" and
8    "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document"
     responsive to any request withheld from production by you on the ground of any privilege, please
9    state:

10       (a)     the nature of the document (e.g., letter, memorandum, contract, etc.);

11       (b)     the author or sender of the document;

12       (c)     the recipient of the document;

13       (d)     the date the document was authored, sent, and/or received; and

14       (e)     the reason such document is allegedly privileged.

15
16    Where the term "contract" is used, it is meant to mean or to include the contract between
      the parties to this action that is the subject of the pleadings.

17    Where the terms "claim" or "claims" are used, they are meant to mean or to include a
18    demand, cause of action or assertion for something due or believed to be due.

19    Where the terms "defense" or "defenses" are used, they are meant to mean or to include any
20    justification, excuse, denial or affirmative defense in response to the opposing party's claim.

21    Where the term "negotiation(s)" is used, it is meant to mean or to include conversations,
      discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

22    Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed
23    listing of each and every alteration, deletion, inquiry into, modification or other change to the credit
      report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should
24    include the identity, address, employer and title of the person(s) taking the action, the identity,
      address, employer and title of the person(s) authorizing the action, a detailed explanation of the
25    action taken, the date of the action, the means used to effect such action, the location of origin of
      the action and the reason the action was taken.
26
27    Where the term "data" is used, it is meant to mean or include the physical symbols in the
      broadest sense that represent information, regardless of whether the information is oral, written or
28    otherwise recorded.

McCARTHY LAW, F
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW.MCCARTHYLAWYER.COM

Brooks v. JP Morgan Chase Bank N.A. et al.     9                                    DISCOVERY

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**  Please produce a copy of all documents or computerized records, kept in any form or manner, known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations, defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

**ANSWER:**

**REQUEST NO. 2:**  Please produce a complete and legible copy, transcription and summary of any statement[s], in any recorded format, provided to you or your attorneys in connection with any of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item, please produce that item for inspection and copying at the time of your responses or produce a copy of that item with your responses.

**ANSWER:**

**REQUEST NO. 3:**

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.   10                    DISCOVERY

1 | Please produce a complete and legible copy of each exhibit which you may attempt to introduce as
2 | evidence at the trial of this case.
3 | **ANSWER:**
4
5
6 | **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,
7 | please provide a copy of any evidence or proof which you believe may support each denial.
8 | **ANSWER:**
9
10
11 | **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you
12 | received from Plaintiff and which you sent to Plaintiff.
13 | **ANSWER:**
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCarthy Law, F
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602.456.8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.     11                                        DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION

The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25) requests for admissions to another party. Each request must contain only one fact or one contention to admit or deny. A request may inquire about whether a document is genuine or accurate. You must admit or deny each of these requests, unless you object to a request, in which case you must state a reason for your objection. You may not object on the basis that you do not have knowledge or information concerning the request unless you have first made a reasonable inquiry to obtain knowledge or information.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph" as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

MCCARTHY LAW, F
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602.456.8900
WWW.MCCARTHYLAWYER.COM

Brooks v. JP Morgan Chase Bank N.A. et al.      12                              DISCOVERY

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## **REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**    Admit that you, Defendant, inaccurately reported information related to Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 2:**    Admit that you, Defendant, failed to correct the inaccurate information you reported regarding Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

McCarthy Law, P
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602.456.8900
www.McCarthyLawyer.com

Brooks v. JP Morgan Chase Bank N.A. et al.    13                          DISCOVERY

1    **REQUEST FOR ADMISSION NO. 3:**  Admit that you, Defendant, received a dispute regarding

2    Plaintiff's account which is the subject of this suit.

3                    ☐ADMIT  ☐DENY

4    **REQUEST FOR ADMISSION NO. 4:**   Admit that you, Defendant, failed to have systems in

5    place to accurately identify and relay all the pertinent details of the dispute to the party reporting

6    such information.

7                    ☐ADMIT  ☐DENY

8    **REQUEST FOR ADMISSION NO. 5:**   Admit that you, Defendant, failed to conduct a

9    reinvestigation regarding Plaintiff's disputed account which is the subject of this suit, after the

10   party reporting the incorrect information verified it through the ACDV.

11                   ☐ADMIT  ☐DENY

12   **REQUEST FOR ADMISSION NO. 6:**  Admit that you, Defendant, failed to have reasonable

13   systems in place to prevent a party that reports information, from automatically updating any

14   manually flagged accounts, once disputes have been submitted.

15                   ☐ADMIT  ☐DENY

16

17       Respectfully submitted this 20th day of January, 2017.

18                              MCCARTHY LAW, PLC

19                              By:

20                                  Devan E. Michael, Esq.
                                    Kevin Fallon McCarthy, Esq.
21                                  Joon N. Kee, Esq.
                                    Attorney for Plaintiff(s)
22

23

24

25

26

27

28

MCCARTHY LAW, P
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW.MCCARTHYLAWYER.COM

Brooks v. JP Morgan Chase Bank N.A. et al.    14                    DISCOVERY